**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| METAL JEANS, INC., a Nevada corporation,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>METAL SPORT, INC., et al.,<br><br>              Defendants-Appellees.<br><br> and<br><br>ANO VELI SAMUEL TURTIAINEN,<br><br>              Defendant. | No.   19-55923<br><br>D.C. No.<br>2:15-cv-08987-DDP-RAO<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted August 11, 2020
Pasadena, California

Before:  WARDLAW and VANDYKE, Circuit Judges, and HILLMAN,[**] District
Judge.
Concurrence by Judge WARDLAW

---

[*]   This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Timothy Hillman, United States District Judge for the District of
Massachusetts, sitting by designation.

Metal Jeans, Inc., an apparel brand and owner of the non-stylized trademark "METAL," brought a trademark infringement claim against Metal Sport, Inc., a powerlifting brand with a similar but stylized mark. Metal Jeans appeals the district court's grant of summary judgment on the basis that Metal Jeans came before the court with unclean hands. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.[1]

1. We assume without deciding that the district court sufficiently articulated that unclean hands must be "prove[n] by clear and convincing evidence [to] establish sufficient culpability." *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1029 (9th Cir. 2018).

2. As set forth in the simultaneously filed opinion, we review de novo whether there exist any disputes of material fact, and we review the district court's application of the unclean hands doctrine to undisputed facts for abuse of discretion. Summary judgment is only appropriate when, viewing the evidence and reasonable inferences *in the non-movant's favor*, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *See Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017); *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005). Factual questions related to the defense of

---

[1] The parties are familiar with the facts, and we cite them herein only where necessary.

unclean hands "may only be resolved on summary judgment if the evidence presented by both sides would permit the trier of fact to come to only one conclusion." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 871 (9th Cir. 2002).

To constitute unclean hands, a defendant must show, "[1] that the plaintiff's conduct is inequitable and … [2] relates [directly] to the subject matter of its claims." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987); *see also S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 933 (9th Cir. 2014) (the misconduct must bear "'immediate and necessary relation' to the manner in which [the plaintiff] acquired its rights or to the equities of this case"); *Wells Fargo & Co. v. Stagecoach Props., Inc.*, 685 F.2d 302, 308 (9th Cir. 1982) ("Bad intent is the essence of [unclean hands]."); *Republic Molding Corp. v. B. W. Photo Utils.,* 319 F.2d 347, 349–50 (9th Cir. 1963) ("[T]he extent of actual harm caused by the conduct in question … is a highly relevant consideration."); *see also id.* at 349 (noting that unclean hands doesn't include "extraneous transgressions," or "misconduct in the abstract, unrelated to the claim to which it is asserted as a defense").

The district court concluded that six instances of alleged misconduct constituted unclean hands. First, Metal Jeans provided varying accounts of how it acquired the mark. Second, Metal Jeans' website represented that it owned the

METAL mark at a time when Topolewski America, Inc. ("TA") owned it. Third, Gary Topolewski, the owner of TA and Metal Jeans, told the U.S. Patent and Trademark Office ("PTO") in connection with Metal Jeans' application for the mark that METAL was a "premium denim lifestyle clothing brand," but testified in this case that this was inaccurate. Fourth, Metal Jeans may source some products from China, despite its "American Made, American Worn" slogan. Fifth, Topolewski testified inconsistently about how he assigned the goodwill and trademarks between TA and Metal Jeans in 2009. And sixth, Topolewski previously made a false statement to the PTO, which led the PTO to cancel TA's registration of the mark in 2008.

As to the first five instances, the district court improperly resolved disputed issues of material fact in the *movant's* favor and used those erroneously resolved facts and inferences to reach the conclusion that Metal Jeans acted with unclean hands. *See Frudden*, 877 F.3d at 828; *Japan Telecom*, 287 F.3d at 871. On the summary judgment record, moreover, the first, second, fourth, fifth and sixth instances do not necessarily relate directly to the trademark claim Metal Jeans asserts in this case, *see Republic Molding*, 319 F.2d at 349, do not appear to have caused any harm, *see id.* at 349–50, or do not definitively evince malintent on the part of Metal Jeans. *See Wells Fargo*, 685 F.2d at 308. The district court's factual conclusions regarding these instances of alleged misconduct may ultimately be

4

proved accurate after a trial, but they were not the only reasonable conclusions that could be adduced from the evidence at summary judgment. *See Japan Telecom*, 287 F.3d at 871. Accordingly, the district court erred in concluding at summary judgment that Metal Jeans came before the court with unclean hands.

3. For the same reasons, we affirm the district court's rejection *at summary judgment* of Metal Jeans' counter-defense that Metal Sport acted with unclean hands. This counter-defense, along with the unclean hands affirmative defense and the merits of the infringement claims, should be fully developed and resolved at trial.

We therefore **AFFIRM IN PART**, **REVERSE IN PART**, and **REMAND** for proceedings consistent with this disposition and the simultaneously filed opinion.

*Metal Jeans, Inc. v. Metal Sport, Inc.*, No. 19-55923

WARDLAW, Circuit Judge, with whom HILLMAN, District Judge, joins, concurring:

I agree that many of the facts underpinning the district court's unclean hands decision in this case remain disputed. Meanwhile, those facts that are undisputed, while "troubling," are currently insufficient to establish unclean hands. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 842 (9th Cir. 2002) (noting that a party's hands need not be "clean as snow" to defeat an unclean hands defense).

That being said, all of this may change after a bench trial. For example, whether the facts at trial support the district court's implicit, though at this stage of the proceedings, inappropriate, conclusion that Topolewski, Topolewski America, and Metal Jeans, Inc. are alter egos of one another (under pertinent state law) may prove critical. If so, Topolewski and Topolewski America's misrepresentations to the United States Patent and Trademark Office will be attributable to Metal Jeans, and support for an unclean hands determination will become significantly stronger.